IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In Re:
Thomas G. Neusom, Esq.
Respondent.                                          CASE NO. 2:23-cv-00503-JLB-NPM

_____/

# REPORT AND RECOMMENDATION OF THE GRIEVANCE COMMITTEE

Magistrate Judge Nicholas Mizell's Order dated August 23, 2023 (Doc. 26) (the "Referral Order") referred Respondent, Thomas G. Neusom, Esq. ("Mr. Neusom")[1] to the Grievance Committee for the Middle District of Florida, Fort Myers Division ("Committee") to investigate whether his conduct related to *Clark Pear LLC. v MVP Realty Associates LLC.*, Case No. 2:23-cv-00503-JLB-NPM, fell short of professional and ethical norms. Pursuant to the Referral Order and Local Rule 2.04(c), M.D. Fla., the Committee investigated Mr. Neusom's filings and

---

[1] Mr. Neusom (Florida Bar Number 37148) was admitted to the Florida Bar on April 30, 2007. The Florida Bar does not indicate any disciplinary history within the past ten (10) years. However, although not within the scope of this investigation, it is important to note that in October 2018, the United States Bankruptcy Court for the Southern District of Florida found after an evidentiary hearing that Mr. Neusom engaged in sanctionable, bad-faith conduct by (1) filing an Individual Chapter 11 Petition for the purpose of stopping an Eviction Action against a registered Florida corporation; and (2) misrepresenting Debtor's identity in the Petition to cause confusion. [*In re Nubia Marcella Perez,* Case# 18-15825-AJC, Doc. 91, pg. 10]. The court mandated that Mr. Neusom pay $31,256, enjoined him from practicing in Bankruptcy Court for one year, and required him to take eighteen (18) hours of Continuing Legal Education before readmission. [*Id at 11-12*].

actions and submits the following report and recommendations based upon its findings.

## BACKGROUND

On July 27, 2023, Mr. Neusom filed a Complaint and Notice of Removal in the MDFL – Fort Myers Division [Doc. 1] for a civil case related to a complaint for breach of contract filed in Collier County Circuit Court, *Clark Pear LLC. v MVP Realty Associates LLC.*, 2023-CV-000111, on January 23, 2023. Mr. Neusom was the plaintiff's attorney representing Clark Pear LLC. Nabil Joseph and Danielle Crawley, with the law firm NJ Law PLLC, represented the defendants MVP Realty Associates LLC.

On July 12, 2023, Defendants filed a Notice of Non-Compliance and Request Upon Plaintiff to File all Papers Docketed in State Court stating that Mr. Neusom's Notice of Removal and the docket failed to comply with M.D. Fla. 1.06(b). [Doc. 8]. Mr. Neusom attempted to remedy these defects by filing a Unilateral Case Management Report on July 16, 2023. [Doc. 9].

On July 24, 2023, the Court filed an Order to Show Cause noting multiple deficiencies in Mr. Neusom's filings. [Doc. 18]. Specifically, the Court noted that: 1) the Unilateral Case Management Report was mislabeled and improper in violation of M.D. Fla. 1.06(b) [*Id at* p. 1]; 2) the notice failed to properly invoke the Court's subject-matter jurisdiction [Doc. 18, p. 2]; and Mr. Neusom's scant statements

2

supporting subject-matter jurisdiction contradict governing statutes and binding case law. [*Id at* p. 2]. The Court ordered Mr. Neusom to either file a voluntary notice of remand or a supplemental notice of removal showing cause why the court has jurisdiction. [*Id at* pgs. 3-4]

On August 1, 2023, Mr. Neusom filed an "*Amended Supplementary Removal*" [Doc. 20] rearguing and restating the same grounds that the Court had already deemed to be insufficient and deficient in the Show Cause Order.[2] The Amended Supplementary Removal also contained a 721-page exhibit containing an accumulation of state-court documents [Doc. 20-1] in violation of the Show Cause Order which required the filing of "each state court paper as a separate, properly labeled exhibit to its notice of removal." [Doc. 18, p. 1]

On August 7, 2023, Mr. Joseph filed a Motion to (1) Remand for Lack of Subject Matter Jurisdiction (2) For an Award of Attorney's Fees and Costs, and (3) For an Order to Show Cause why Plaintiff should not be sanctioned for Vexatious and Dilatory Tactics. [Doc. 22] The Motion requested sanctions and stated in part:

> In an improper attempt to delay the state court proceedings in the present matter, Clark Pear removed the state court action under the original Notice of Removal (Doc. 1) that is facially defective and does not provide this Court with subject matter jurisdiction. Such dilatory, vexatious and frivolous litigation tactics were employed in the state

---

[2] The filing also contained what appeared to be improper and baseless remarks and suggestions of discrimination under the Equal Protection Clause, First Amendment concerns, and Due Process violations against the Judge in State Court.

3

court action[3] to no success and when such actions were ready to be addressed by the 20th Judicial Circuit Court, Clark Pear improperly deprived the state court of jurisdiction by removing the action to this court and forestalling the resolution of the state court action that Clark Pear initiation.

The motion describes the procedural history in the State court action. Although that State court matter is out of this Committee's purview, the Committee believes the facts are important to substantiate whether Mr. Neusom's actions rise to the level of vexatious and dilatory litigation tactics that caused undue delay to judicial proceedings and harm to his client. Essentially, starting on June 28, 2023, Mr. Neusom filed four (4) deficient Notices of Removal in the State court proceedings, *Clark Pear LLC. v MVP Realty Associates LLC.*2023-CA-111, Dkt. Nos. 79, 82, 83, 85. [Doc. 22, p. 4-6]. Upon receiving the Third Removal Notice, on July 7, 2023, MVP filed a Verified Motion for An Order to Show Cause as to Why the Plaintiff's Counsel Should Not Be Sanctioned For Such Conduct and Interfering in the State Court's Administration of Justice, 2023-CA-111, Dkt. No. 84; Doc. 22, p. 6.

---

[3] The footnote states: The same concerns were raised by MVP's counsel in the state court action and set forth in MVP'S Verified Motion for an Order to Show Cause as to Why the Plaintiff's Counsel Should Not Be Sanctioned for Such Conduct and Interfering in the State Court's Administration of Justice at ¶1, Case No. 2023-CA-111, Dkt. No. 84, filed July 7, 2023. [Doc 22, p. 2]

4

On August 10, 2023, Magistrate Judge Mizell remanded the action to State court and referred Mr. Neusom to the Committee. [Docs. 25, 26]. On November 6, 2023, Judge John Badalamenti signed an Order remanding the case to State Court.

Mr. Neusom ignored the Court's Order and filed an Amended Complaint on November 9, 2023. [Doc. 42].

**COMMITTEE INVESTIGATION**

After receiving the Court's referral [Doc. 26], the Committee initiated an investigation into the allegations. The Committee reviewed the State court docket to understand the history of the Notice of Removal [Doc. 1] and to corroborate the allegations made in Mr. Joseph's Motion to (1) Remand for Lack of Subject Matter Jurisdiction (2) For an Award of Attorney's Fees and Costs, and (3) For an Order to Show Cause why Plaintiff should not be sanctioned for Vexatious and Dilatory Tactics. [Doc. 22]. A review of the docket indeed corroborates deficient attempts to remove the State court case to federal court in what appears to be a delay tactic.[4]

The Committee researched the legal citations in Mr. Neusom's Amended Supplementary Removal [Doc. 20]. The Committee found that Mr. Neusom included inaccurate citations and fabricated authorities in his filings. We called Mr.

---

[4] On July 5, 2023, MVP's counsel having been unable to locate the removal action in either of the district courts identified in the First and Second Removal Notice made an inquiry to Clark Pear's counsel regarding the identification of the Federal District Court where Clark Pear has removed the action to. [Doc. 22, p. 5, Ex. 4].

Neusom for a response. He stated in a telephonic interview that he "used Westlaw and FastCase and may have used artificial intelligence to draft the filing(s) but was not able to check the excerpts and citations." Mr. Neusom stated that he would also provide a written response. Mr. Neusom's written response to the Committee failed to address the concerns of fabricated citations. The response included accusations that opposing counsel made procedurally improper allegations, that the allegations were a sham, and that civil RICO charges were being filed against opposing counsel. The Committee found Mr. Neusom's response wholly unsatisfactory, unprofessional, and highly concerning.

The Committee also interviewed opposing counsel Nabil Joseph, Esq. Mr. Joseph stated that he immediately noticed deficiencies in Mr. Neusom's filings. He stated that the filings were devoid of supporting caselaw and, where caselaw was cited, the citations did not appear accurate. Mr. Joseph spent a significant amount of time checking the citations and found that Mr. Neusom cited non-existent cases or misrepresented what the cited case actually stands for. Mr. Joseph requested in writing that Mr. Neusom furnish full text versions of certain specifically enumerated cases that were cited in legal filings. Mr. Neusom provided non-responsive and evasive answers to the request for the cited authorities. This resulted in Mr. Joseph's filing on August 7, 2023, of the Motion to (1) Remand for Lack of Subject Matter Jurisdiction (2) For an Award of Attorney's Fees and Costs, and (3) For an Order to

Show Cause why Plaintiff should not be sanctioned for Vexatious and Dilatory Tactics. [Doc. 22]

The Committee asked Mr. Joseph about his interactions with Mr. Neusom, and he described several examples of unprofessional and unethical behavior including: 1) Mr. Neusom yelling at opposing counsel and, on numerous occasions, hanging up the telephone on opposing counsel during a conference and 2) increasingly harassing behavior, including allegations of racketeering against Mr. Joseph if he did not settle, which is corroborated in Mr. Neusom's Amended Complaint [DE 42]. Mr. Joseph stated that he has spent countless hours researching unfounded caselaw, responding to frivolous motions, and defending himself against baseless accusations. This has caused unnecessary cost to his client and unnecessary delay in the judicial proceedings.

**STANDARDS**

Rule 4-1.3 of the Rules Regulating the Florida Bar ("Bar Rules") requires that: "A lawyer shall act with reasonable diligence and promptness in representing a client."

Rule 4-3.3(a)(3) of the Bar Rules requires that: "A lawyer shall not knowingly: fail to disclose to the tribunal legal authority in the controlling

jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel."[5]

Rule 4-3.4(c) of the Bar Rules states that a lawyer must not "knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

Rule 4-8.4(c) of the Bar Rules provides, in relevant part, that a lawyer shall not "engage in conduct involving dishonesty, fraud, deceit, or misrepresentation…."

The professionalism standards in Florida are set forth in (1) the Florida Bar Professionalism Expectations; (2) the Rules Regulating the Florida Bar; (3) The Florida Bar Creed of Professionalism; and (4) the Oath of Admission to The Florida Bar. Some of the pertinent standards include:

1. Candor and civility must be used in all oral and written communications, including online communications. (*See* R. Regulating Fla. Bar 4-8.4(c)).

2. A lawyer must avoid disparaging personal remarks or acrimony toward opposing parties, opposing counsel, third parties or the court. (*See* R. Regulating Fla. Bar 4-8.4(d)).

---

[5] The Comments to the Rule state: Legal argument based on a knowingly false representation of law constitutes dishonesty toward the tribunal. A lawyer is not required to make a disinterested exposition of the law but must recognize the existence of pertinent legal authorities. Furthermore, as stated in subdivision (a)(3), an advocate has a duty to disclose directly adverse authority in the controlling jurisdiction that has not been disclosed by the opposing party. The underlying concept is that legal argument is a discussion seeking to determine the legal premises properly applicable to the case.

8

3. A lawyer must not knowingly misstate, misrepresent, or distort any fact or legal authority to the court or to opposing counsel and must not mislead by inaction or silence. Further, the discovery of additional evidence or unintentional misrepresentations must immediately be disclosed or otherwise corrected. (See R. Regulating Fla. Bar 4-3.3 and 4-8.4).

4. A lawyer should diligently prepare legal forms and documents to avoid future harm or litigation for the client while ensuring compliance with the requirements of the law.

5. A lawyer must not engage in dilatory or delay tactics. (See R. Regulating Fla. Bar 4-3.2).

6. A lawyer should be familiar with the court's administrative orders, local rules, and each judge's published standing orders, practices, and procedures.

7. A lawyer must not invoke a rule for the purpose of creating undue delay, or propose frivolous oral or written arguments which do not have an adequate basis in the law nor fact. (See R. Regulating Fla. Bar 4-3.1)

8. A lawyer should be civil and courteous in all situations, both professional and personal, and avoid conduct that is degrading to the legal profession. (See R. Regulating Fla. Bar 3-4.3).

## COMMITTEE FINDINGS

The face of the docket shows a repeated refusal of Mr. Neusom to follow basic Court rules, procedures, and Orders. A closer review of the docket supports numerous instances of non-compliance with Florida's Rules of Professional Conduct, the Florida Bar's Professionalism Expectations, and the Florida Bar Trial Lawyer Section's Guidelines for Professional Conduct.

> A. *Probable Cause exists to find that Mr. Neusom violated Rule 4-1.3 by failing to act with reasonable diligence.*

The pleadings contain inaccurate authorities to support what appear to be mostly frivolous legal arguments in violation of Rule 4-1.3. Mr. Neusom admitted to the Committee in his telephonic interview that "he used Westlaw and FastCase and may have used artificial intelligence to draft the filing(s) but was not able to check the excerpts and citations". A such, the Committee finds that Mr. Neusom did not act with reasonable due diligence. Whereas we understand that artificial intelligence is becoming a new tool for legal research, it can never take the place of an attorney's responsibility to conduct reasonable diligence and provide accurate legal authority to the Court that supports a valid legal argument.

> B. *Probable Cause exists to believe Mr. Neusom violated Rules 4-3.3(a)(3) and 4-8.4(c) for making misrepresentations to the Court.*

There is probable cause to believe that Mr. Neusom misrepresented legal authority to the Court and opposing counsel in violation of Rule 4-8.4(c). For

example, the Court noted in the Notice of Removal (Doc. 1), that Mr. Neusom's subject-matter jurisdiction argument (ie. he opposes MVP Realty Associates LLC's safe-harbor notice by challenging the constitutionality of Florida Statute § 57.105) is in opposition to governing statutes and binding caselaw. [Doc. 18, p. 2].

This pattern is repeated within the docket. In *Plaintiff's Motion for Summary Judgment under Federal Rule 56* (Doc. 14), he cites *Trilogy Communications, Inc. v. Times Fiber Communications Inc.* (3d Cir. 2007) and claims "the court granted summary judgment on a breach of contract because the Defendant failed to provide any evidence to rebut the plaintiff's evidence of breach". (Doc. 14 at 3). Despite Mr. Neusom's representations in his Motion for Summary Judgment, this case was a patent infringement case and there was no breach of contract issue discussed by the Court.

However, Mr. Neusom's goes beyond a lack of due diligence as some of his legal authorities were completely fabricated. In the *Amended Supplementary Removal* (Dkt. 20), Mr. Neusom cites *Southern Specialties, Inc. v. Pulido Produce, Inc.* The Committee could not find this case through a search of Lexis Nexis, Westlaw, or the internet.

When opposing counsel questioned Mr. Neusom about the legitimacy of his legal authority, he failed to respond. Mr. Neusom's written response to the Committee also fails to respond to the allegations or provide any sense of

11

understanding of the seriousness of the situation. Instead, Mr. Neusom attacked opposing counsel with another frivolous accusation and filing with the Court.

> C. *Probable Cause exists to find Mr. Neusom violated Rule 4-3.4(c) by knowingly disobeying an obligation under the rules of a tribunal.*

A review of the docket shows that there is probable cause to believe that Mr. Neusom knowingly disobeyed his obligations under the rules of the Court in violation of Rule 4-3.4(c). Mr. Neusom consistently ignored the Local Rules, Orders by the Court to Show Cause, and Court directions.

> D. *Probable Cause exists to find that Mr. Neusom violated Florida's Rules of Professional Conduct*

The Committee also found probable cause to believe that Mr. Neusom violated Florida's Rules of Professional Conduct. The Committee found Mr. Joseph's interview to be persuasive and candid and concluded that the docket filings corroborated his interactions with opposing counsel, Mr. Neusom. These interactions can only be characterized as wholly inappropriate and unprofessional. Mr. Neusom would not properly confer with counsel, would yell and hang up on counsel, and would not provide any response to a simple request for valid legal authority. This unprofessional conduct has resulted in the filing of racketeering charges against opposing counsel in additional frivolous filings with the Court after proceedings were remanded.

These violations and Mr. Neusom's continued unprofessional behavior have caused undue delay to judicial administration, harm to both parties, and damage to the legal community.

RECOMMENDATIONS

Based on the Committee's investigation and facts stated above, the Committee concludes that sanctions are in order should the Court agree with its recommendations. As previously described, the Committee believes probable cause exists to find that the Mr. Neusom's behavior violated Bar Rules 4-1.3, 4-3.3(a)(3), 4-8.4(c), and Rule 4-3.4(c). Accordingly, the Committee RECOMMENDS that the Court enter an order as follows:

1. Suspending Mr. Neusom from the Bar of the Middle District of Florida for a period of at least one (1) year, effective thirty (30) days from the date of the order on this recommendation, which time is intended to permit Mr. Neusom to address any existing case load and protect the interest of their clients during his suspension, and lasting until the reinstatement conditions set forth below are met;

2. Prohibiting Mr. Neusom from taking on new cases in the Middle District of Florida, effective as of the date of this order and lasting until he is reinstated in the Bar of the Middle District of Florida pursuant to the reinstatement conditions set forth below;

3. Setting the following reinstatement conditions which must be met before Mr. Neusom is permitted to petition the Bar of the Middle District of Florida for reinstatement:

a. During the period of suspension, each Respondent must:

i. Attend and complete the Florida Bar's Professionalism Workshop;

ii. Attend and complete all aspects of a Law Practice Management CLE;

iii. Attend and complete all aspects of the Practicing with Professionalism CLE;

iv. Counseling through the Florida Lawyers Assistance Program.

b. Pay all outstanding monetary sanctions, fees, and costs levied against them, in any federal, state, or disciplinary actions, including those sanctions that may be ordered by this Court;

c. Complete all remediation ordered by the Florida Bar, if any;

d. Complete all remediation ordered by any court, including reporting of any sanction orders levied by any court to the appropriate parties;

e. Re-read the Florida Rules of Professional Conduct and the Local Rules of this Court in full and certify in writing to this Court that he has done so; and

f. Report to the Court the completion of subparagraphs (a) through (e) of this paragraph on or before the date marking the end of the suspension period.

The Committee asks that this recommendation be filed in the docket of the above captioned case and that copies be provided to all judges in the Middle District of Florida presiding over any case in which Mr. Neusom is counsel of record. The Committee also requests that the clerk serve a copy of this recommendation on The Florida Bar should the Chief Judge so order it.

Respectfully submitted this 11th day of January 2024.

/s/ Lee Hollander

Lee Hollander, Esq.
Chair
Email: leehollander@hollanderandhanuka.com
Grievance Committee
United States District Court
Middle District of Florida

Copies to:

- Members of the Grievance Committee

- Attorneys of Record in *Clark Pear LLC. v MVP Realty Associates LLC.*, Case No. 2:23-cv-00503-JLB-NPM