UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE: THOMAS GRANT NEUSOM,

                         Case No: 2:24-mc-2-JES

## OPINION AND ORDER

This matter comes before the Court on review of the Report and Recommendation of the Grievance Committee (the Report and Recommendation). The Report and Recommendation, first filed in Clark Pear LLC v. MVP Realty Associates LLC, Case No. 2:23-cv-00503-JLB-NPM, Doc. #44 (M.D. Fla. Jan. 12, 2024), makes certain findings of misconduct by attorney Thomas Grant Neusom (Mr. Neusom) and recommends certain disciplinary actions. On January 15, 2024, Mr. Neusom filed Plaintiff's Objection and Response to the Grievance Committee Report and Recommendation (Doc. #45 in Clark Pear LLC). On January 31, 2024, Chief Judge Timothy J. Corrigan directed the grievance matter be handled in this miscellaneous case and designated the undersigned to address the matter. (Case No. 2:24-mc-2-JES, Doc. #1.)

On February 2, 2024, pursuant to Local Rule 2.04(c)(4)(F), of the Local Rules of the United States District Court for the Middle District of Florida (Local Rules), the undersigned ordered Mr. Neusom to file a response to the Report and Recommendation or to notify the Court that his prior Objection and Response would

constitute his response.  (Doc. #5.)  No additional response or notice has been filed, and the time to do so has expired.

**I.**

Mr. Neusom was plaintiff's counsel in Clark Pear LLC v. MVP Realty Associates LLC, Case No. 2:23-cv-00503-JLB-NPM (Clark Pear).  On August 10, 2023, Magistrate Judge Nicholas Mizell made a referral to the Grievance Committee for the Middle District of Florida, Fort Myers Division, to investigate whether Mr. Neusom's conduct related to Clarke Pear fell short of professional and ethical norms.  The resulting Report and Recommendation (Doc. #3) summarizes the background of the underlying case, describes the Grievance Committee's investigation, summarizes the relevant standards of conduct for an attorney, and sets forth its findings. (Id.)  Specifically, the Grievance Committee found probable cause existed to (1) find that Mr. Neusom violated Rule 4-1.3 by failing to act with reasonable diligence; (2) believe Mr. Neusom violated Rules 4-3.3(a)(3) and 4-8.4(c) by making misrepresentations to the Court; (3) find Mr. Neusom violated Rule 4-3.4(c) by knowingly disobeying an obligation under the rules of a tribunal; and (4) find that Mr. Neusom violated Florida's Rules of Professional Conduct in multiple ways.  The Grievance Committee concluded that sanctions were in order and recommended specific sanctions to be imposed.

**II.**

Although it is not entirely clear, Mr. Neusom's Objection and Response seems to argue in part that sanctions may not be imposed after the underlying case was closed. The district judge handling the underlying case previously stated:

> Moreover, with respect to the referral to the Grievance Committee, The Local Rules for the Middle District of Florida provide that "[a] judge ... can initiate an investigation of alleged lawyer misconduct." M.D. Fla. L.R. 2.04(c)(4). Plaintiff does not cite any source setting a time limit for when such investigation may be initiated and the Court is unaware of any such source. Accordingly, the objection to the Grievance Committee Order is overruled.

Clark Pear, LLC v. MVP Realty Associates, LLC, 2:23-CV-503-JLB-NPM, 2023 WL 7297401, at *2 (M.D. Fla. Nov. 6, 2023). "It is well established that a federal court may consider collateral issues after an action is no longer pending." See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990) (a voluntary dismissal does not expunge Rule 11 sanctions). See also Law Sols. of Chicago LLC v. Corbett, 971 F.3d 1299, 1316 (11th Cir. 2020) (rejecting argument that Bankruptcy Court could not impose sanctions after case was closed and never reopened) (collecting cases). The Court concludes that the remand of the underlying case to state court does not divest the court of jurisdiction to impose disciplinary action pursuant to the Report and Recommendation of a grievance committee.

**III.**

"A lawyer appearing in the Middle District [of Florida] must remain familiar with, and is bound by, the rules governing the professional conduct of a member of The Florida Bar."  M.D. Fla. R. 2.01(e).  The Court has reviewed the record, the Report and Recommendations, and the Objections and Response carefully, and has applied a *de novo* standard of review.  The Court overrules the Objections filed by Mr. Neusom.  The Court agrees with, and therefore adopts, the findings of the Grievance Committee.  The Court finds that clear and convincing evidence establishes the lawyer misconduct identified in the Report and Recommendation. The Court also agrees that the sanctions recommended by the Grievance Committee are appropriate and proportional, and therefore will impose the substance of the sanctions recommended by the Grievance Committee.

Accordingly, it is hereby

**ORDERED:**

1. The Objections to the Report and Recommendation (Doc. #45) are **OVERRULED.**
2. The Grievance Committee's Report and Recommendation (Doc. #3) is **ACCEPTED, ADOPTED,** and incorporated herein.
3. After *de* novo review of the Committee's Report and Recommendation, the Court finds by clear and convincing evidence that Mr. Neusom's behavior violated Florida Bar

    Rules 4-1.3, 4-3.3(a)(3), 4-8.4(c), and 4-3.4(c), and the Florida Rules of Professional Conduct.

4. Mr. Neusom is **SUSPENDED** from the Bar of the United States District Court for the Middle District of Florida for a period of **one (1) year**. The suspension is effective beginning **thirty (30) days** from the date of this Order. This delay is intended to permit Mr. Neusom to address any existing case load within the jurisdiction of the Middle District of Florida and protect the interests of clients during his suspension

5. Mr. Neusom is **PROHIBITED** from taking on new cases in the United States District Court for the Middle District of Florida, effective as of the date of this Order and lasting until he is reinstated in the Bar of the Middle District of Florida pursuant to the Reinstatement Conditions set forth below.

6. The following Reinstatement Conditions are **SET** and must be completed before Mr. Neusom is permitted to petition to the Bar of the United States District Court for the Middle District of Florida for reinstatement:

   A. During the period of suspension, Mr. Neusom must:

      i. Attend and complete The Florida Bar's Professionalism Workshop;

      ii. Attend and complete all aspects of a Law Practice Management CLE;

      iii. Attend and complete all aspects of the Practicing with Professionalism CLE; and

      iv. Receive Counseling through the Florida Lawyers Assistance Program.

B. Pay all outstanding monetary sanctions, fees, and costs levied against him, in any federal, state, or disciplinary actions;

C. Complete all remediation ordered by The Florida Bar, if any;

D. Complete all remediation ordered by any court, including reporting of any sanction orders levied by any court to the appropriate parties;

E. Re-read the Florida Rules of Professional Conduct and the Local Rules of the United States District Court for the Middle District of Florida in full and certify in writing to this Court that he has done so; and

F. Report to the Court the completion of subparagraphs (A) through (E) of this paragraph on or before the date marking the end of the suspension period.

7. The Clerk is **DIRECTED** to forward a copy of this Order to all judges of the United States District Court for the

Middle District of Florida and to serve a copy of this Order on The Florida Bar.

**DONE and ORDERED** at Fort Myers, Florida, this __8th__ day of March 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:

Chief Judge

Lee Hollander, Committee Chair

Attorneys of Record in <u>Clark Pear LLC v. MVP Realty Assocs. LLC</u>, Case No. 2:23-cv-503-JLB-NPM (M.D. Fla.)