```
UNITED STATES DISTRICT COURT
  MIDDLE DISTRICT OF FLORIDA
      FORT MYERS DIVISION
```

IN RE: THOMAS GRANT NEUSOM,               Case No: 2:24-mc-2-JES

_____

**OPINION AND ORDER**

This matter comes before the Court on review of "Neusoms Response to the Grievance Committee Order" (Doc. #7), filed on April 7, 2024. This Response is essentially a request for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedures. For the reasons set forth below, the motion is denied.

On February 2, 2024, the Court provided Mr. Neusom an opportunity to further respond to the Report and Recommendation of the Grievance Committee (Doc. #3) or to notify the Court that Mr. Neusom would stand by his previously filed Objection and Response (Doc. #4). (Doc. #5.) Nothing was filed within the time provided.

On March 8, 2024, by Opinion and Order (Doc. #6), the Court accepted and adopted the Grievance Committee's Report and Recommendation (Doc. #3). After a *de novo* review, the Court found by clear and convincing evidence that Thomas Grant Neusom's behavior violated Florida Bar Rules 4-1.3, 4-3.3(a)(3), 4-8.4(c), and 4-3.4(c), and the Florida Rules of Professional Conduct. The Court ordered Mr. Neusom suspended from the Bar of the United States District Court for the Middle District of Florida for a

period of one (1) year and imposed various conditions for reinstatement.

Mr. Neusom now argues that his prior conduct should not be sanctioned (Doc. #7, ¶ 2), and summarizes his view of the underlying facts (Id. at ¶¶ 4-9) and some of the cases he cited in the underlying litigation. (Id. at ¶¶ 10-14).[1] Mr. Neusom asserts that he "has always attempted to uphold the highest standards of professionalism, and has never intentionally fabricated, or misinterpreted a case, or any matter" (Id. at ¶ 17), and requests relief from the Order imposing a one-year suspension (Id. at ¶ 18). Mr. Neusom reports that he is taking corrective action to avoid coming into the Middle District of Florida courts "in an unexpected way" and "hopes that relief from the Order can be granted, and there's no suspension." (Id. at ¶ 20.) Mr. Neusom also states that he is considering taking a job in criminal law with a government agency, and a suspension could have "detrimental ramifications." (Id. at ¶ 21.)

The relevant portion of Rule 60 provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

---

[1] Several of the paragraphs are repetitive of the previously filed Objection and Response. (Compare Doc. #4 at ¶¶ 2, 3, 5, 6, 8, 10 with Doc. #7 at ¶¶ 7, 8, 10, 11, 13, 17.)

>(1) mistake, inadvertence, surprise, or excusable neglect;
>
>(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Thus, Rule 60(b) allows a party to seek relief in the following limited circumstances: (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been discharged; and/or (6)[2] "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). A Rule 60(b) motion "cannot be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" Terrell v. Sec'y, Dep't of Veterans Affairs, 98 F.4th 1343, 1357 (11th Cir. 2024) (citations omitted). A Rule 60(b) motion is addressed to the sound

---

[2] "[R]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citing Ackermann v. United States, 340 U.S. 193, 202 (1950)).

discretion of the district court. <u>Wilchombe v. TeeVee Toons, Inc.</u>, 555 F.3d 949, 957 (11th Cir. 2009).

After a review of the record, the Court finds that Mr. Neusom has failed to establish any basis for reconsideration of the suspension, or the other conditions imposed. The Court continues to find that the suspension and conditions are fully justified by the record in this matter.

Accordingly, it is hereby

**ORDERED AND ADJUDGED**:

Neusom's Response to the Grievance Committee Order (Doc. #7), deemed to be a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b), is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __21st__ day of May 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Chief Judge

Lee Hollander, Committee Chair

Attorneys of Record in <u>Clark Pear LLC v. MVP Realty Assocs. LLC</u>, Case No. 2:23-cv-503-JLB-NPM (M.D. Fla.)

The Florida Bar (John Berrena)

4